# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52457-1-II |
| Respondent, | |
| v. | |
| MICHAEL LONELL MATTHEWS, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Michael L. Matthews appeals his judgment and sentence, arguing that the trial court erred by failing to orally notify him that he lost the right to possess a firearm although it informed him in writing in his judgment and sentence.  The State acknowledges that the trial court erred, but argues that because Matthews had six prior felony convictions that terminated his right to possess firearms, he was well aware he had lost the right to possess a firearm.  We hold that the trial court erred by failing to orally advise Matthews that he cannot possess firearms.  We remand to the trial court to conduct a hearing to orally advise Matthews of the firearm possession prohibition.

## FACTS

The State charged Matthews with failure to register as a sex offender.  A jury returned a guilty verdict and found by special verdict that Matthews was previously convicted at least twice of failure to register as a sex offender.  At sentencing, the trial court imposed a standard range sentence.  The judgment and sentence contains a provision stating that Matthews was ineligible to

possess a firearm.  The trial court did not orally notify Matthews that he was ineligible to possess a firearm at the verdict or at sentencing.  Matthews appeals.

## ANALYSIS

Matthews argues that the trial court erred by failing to orally notify him as required by RCW 9.41.047(1)(a)[1] that he had lost the right to possess a firearm due to his felony conviction. We agree with Matthews and hold that the trial court erred and we remand to the trial court to conduct a hearing to advise Matthews of the firearm possession prohibition.

The State argues that because Matthews has six prior felony convictions, it is not in the interest of judicial economy for this court to remand this matter for a hearing to comply with the statutory firearm notification.  The State claims that because Matthews is in the Department of Corrections' custody, conducting a hearing would be a waste of resources to disrupt his programs/treatment, transport him back to Cowlitz County to conduct a short hearing, and then transport him back.  Nothing in the record reflects that Matthews has been orally notified that he has lost the right to possess a firearm.  Further, we are not empowered to disregard a defendant's rights in the interest of judicial economy.  Therefore, the State's argument fails.

A person loses their right to possess a firearm once convicted of a felony. RCW 9.41.040(2)(a)(i).[2]  Failing to register as a sex offender when a person has been convicted of a felony failure to register as a sex offender in Washington State or pursuant to the laws of

---

[1] The legislature amended RCW 9.41.047 in 2019.  LAWS OF 2019, ch. 248 § 3.  Because these amendments are not relevant here, we cite to the current version of this statute.

[2] The legislature amended RCW 9.41.040 in 2019.  LAWS OF 2019, ch. 46 § 5003.  Because these and subsequent amendments are not relevant here, we cite to the current version of this statute.

another state, or pursuant to federal law, on two or more prior occasions, is a class B felony. RCW 9A.44.132(1)(b).[3] At the time of conviction, "the convicting or committing court . . . shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm." RCW 9.41.047(1)(a).

Here, the jury convicted Matthews for failure to register as a sex offender. The trial court provided written notification, but did not orally notify Matthews that he had lost his right to possess a firearm as required under RCW 9.41.047(1)(a). Therefore, we affirm his conviction, but remand to the trial court for a hearing for the court to orally advise Matthews of the firearm prohibition to comply with the statutory firearm notification.

---

[3] The legislature amended RCW 9A.44.132 in 2019. LAWS OF 2019, ch. 443 § 4. Because these amendments are not relevant here, we cite to the current version of this statute.

CONCLUSION

We hold that the trial court erred by failing to orally advise Matthews that he cannot possess firearms. We remand to the trial court to conduct a hearing to orally advise Matthews of the firearm possession prohibition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.